

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2009

# USA v. Leon Berry

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Leon Berry" (2009). *2009 Decisions.* Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-037                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3480
_____

UNITED STATES OF AMERICA

v.

LEON BERRY, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 06-cr-00268-001)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 5, 2009

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed November 16, 2009 )
_____

OPINION
_____

PER CURIAM.

On February 7, 2007, the United States District Court for the District of New

Jersey sentenced Leon Berry to a term of fifty months in prison following his plea of

guilty to one count of unlawful possession of a weapon by a convicted felon.  On May 18,

2009, Berry filed a motion in the District Court styled as a "Motion for Correction of

Sentence," arguing that his federal sentence has not been properly credited for time served in state custody on other charges. The government responded that, because Berry's motion challenges the Bureau of Prison's computation of credit that he alleges is accountable toward his federal sentence, he must pursue his claims in a habeas corpus proceeding under 28 U.S.C. § 2241, naming his current custodian as the proper respondent.[1] The District Court agreed, denying Berry's "Motion for Correction of Sentence" without prejudice to any administrative or civil proceeding concerning the calculation of credit toward the federal sentence. Berry timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. After a careful review of the record, we conclude that this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, and thus we will summarily affirm the District Court's judgment.[2]

Because Berry's challenge is to his sentence as executed by the Bureau of Prisons, including his claim to credit against the sentence for time served in state custody, that challenge must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Grimes, 641 F.2d 96, 100 (3d Cir. 1981). A petition under § 2241 must be filed in the district in which the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his

---

[1] Berry is currently housed at FCI-Bennettsville in South Carolina.

[2] We have fully considered Berry's "Informal Opening Appeal Brief" in reaching this disposition.

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Berry, as noted, is presently confined at a federal prison in South Carolina. The District Court thus properly dismissed Berry's motion challenging the execution of his sentence without prejudice to Berry's right to pursue administrative remedies available through the Bureau of Prisons, and, if necessary, a habeas corpus petition under § 2241 in his district of confinement.

For these reasons, the District Court's judgment will be affirmed.